UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROGER RILEY,** individually, and on
behalf of others similarly situated,

                                 Case No.

          Plaintiff,

vs.                             Hon.

**SK UNITED CORP.,**
A Texas Corporation,

          Defendant.

---

## COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff, Roger Riley, individually and on behalf of all others similarly situated, by and through his attorneys, hereby brings this Collective and Class Action Complaint against Defendant, SK United Corp., and states as follows:

## INTRODUCTION

1.     This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, Roger Riley, individually and on behalf of all similarly situated persons employed by Defendant, SK United Corp. (hereinafter referred to as "SK United" or "Defendant"), arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2.     Defendant is Texas Corporation that employs delivery drivers

("Drivers") in Michigan, who are paid on a flat day-rate, to deliver packages mailed by members of the public via Fed Ex.

3.    Plaintiff and similarly situated employees worked as Drivers for Defendant out of its distribution centers (including but not limited to Auburn Hills, Michigan) within the past three (3) years.

4.    As Drivers, Plaintiff and all other similarly situated employees were victims of Defendant's common policy of failing to pay Drivers for overtime hours, as required under the FLSA. *See* 29 U.S.C. § 207(a)(1) ("[N]o employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.").

5.    Plaintiff brings this collective and class action pursuant to 29 U.S.C. § 216(b) and Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated day-rate Drivers employed by Defendant during the applicable time period, and seeks declaratory relief and unpaid wages and overtime, liquidated damages, fees and costs, and any other remedies to which he may be entitled.

## JURISDICTION AND VENUE

6.    This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question

under 29 U.S.C. § 201, *et seq.*

7.     Additionally, this Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

8.     The court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

9.     This Court has personal jurisdiction over Defendant because at all relevant times it has done business within the state of Michigan and is registered with the Corporations Division of the Michigan Department of Licensing and Regulatory Affairs (Business ID: 802248407).

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district, employs Representatives in this District, and a substantial portion of the events that give rise to the Plaintiff's claims occurred in this District.

## **PARTIES**

11.     Plaintiff Roger Riley is a resident of Durand, Michigan.

12.     Plaintiff has been employed by Defendant as a Driver since approximately November 2017 to present.

13.      Plaintiff signed a consent form to join this lawsuit. *See*, ECF No. 1-1.

14.     Defendant S&K United is a package delivery corporation, which contracts with FedEx and other larger companies to deliver packages in Michigan and other states.

15.     S&K United is incorporated in Texas and is registered and active in Michigan, with a registered agent at 11405 Center Road, Fenton, Michigan 48430.

## GENERAL ALLEGATIONS

16.     The FLSA applies in this case on an enterprise basis.

17.     Defendant's annual sales exceed $500,000.

18.     At all relevant times Defendant had more than two employees engaged in interstate commerce.

19.     Defendant's Drivers engage in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

20.     Defendant has employed Plaintiff Roger Riley as a full-time Driver out of its distribution center in Auburn Hills, Michigan within the last three years.

21.     Defendant also employed Drivers out of other distribution centers, such as the Oak Park distribution center.

22.     Regardless of the distribution center, Defendant paid each Driver on a day rate basis and classified them as exempt from overtime.

23.     Plaintiff worked for Defendant Monday through Friday, as well as additional shifts on the weekends.

24.     On a typical workday, Plaintiff arrived at the distribution center at

4

approximately 7:00AM and finished his deliveries between 5:00PM and 7:00PM.

25.     Upon arrival at the distribution center in the morning, Plaintiff would load his truck with the packages to be delivered for the day, deliver the packages, then return to his private residence (still driving his work van) after his last delivery was completed.

26.     The work van driven by Plaintiff was a 2011 General Motors sprinter van, which, critically, weighed under 10,000 pounds.

27.     Specifically, the work van driven by Plaintiff in the course of his employment weighed 9,900 pounds. *See*, ECF No. 1-2.

28.     In carrying out their job duties, Plaintiff and other similarly situated Drivers frequently drove vehicles weighing under 10,000 pounds and worked in excess of 40 hours in a workweek.

29.     Regardless of how many hours Plaintiff and other similarly situated Drivers worked, Defendant paid them on a flat day rate of $160.00 per day.

30.     At all relevant times, Defendant (unlawfully) classified Plaintiff and other similarly situated Drivers as exempt from overtime, when, in fact, they were non-exempt employees and entitled to overtime.

31.     Plaintiff and other similarly situated Drivers are non-exempted by Section 13(b)(1) of the FLSA.

32.     Furthermore, the Highway Technical Corrections Act ("HTCA") of 2007 states that the overtime protections of the FLSA "shall apply to a covered

employee notwithstanding section 13(b)(1) of that Act (29 U.S.C. 213(b)(1))."
HIGHWAY TECHNICAL CORRECTIONS ACT OF 2007, 154 Cong Rec S 3106,
3134.

33.    The HTCA defines "covered employee" as an individual "whose work,
in whole or in part," "performs duties on motor vehicles weighing 10,000 pounds or
less."  HIGHWAY TECHNICAL CORRECTIONS ACT OF 2007, 154 Cong Rec
S 3106, 3135.

34.    Consequently, Plaintiff and other similarly situated Drivers are covered
employees under the overtime provisions of Section 7(a) of the FLSA, and they are
entitled to be paid at a rate not less than one and one-half times their regular rates of
pay for all hours worked in excess of 40 hours in a work week.

35.    Throughout his time of employment with Defendant, Plaintiff
frequently worked over 40 hours in a single work week.  However, Plaintiff was
not paid at the rate of one-and-a-half times his regular rate for every hour in excess
of 40 in a week period as provided by law.

36.    Defendant fails to pay all of its Drivers overtime premiums, as required
by the FLSA, regardless of the company Defendant contracted with for delivery
services and regardless of the distribution center the Drivers worked from.

37.    Plaintiff seeks to recover half-time unpaid overtime wages accumulated
since his first day of employment, liquidated damages, attorney's fees and costs, and
any other relief he and those similarly situated are entitled to by law.

6

38.    The additional persons who may become plaintiffs in this action are day-rate-paid employees, and/or former employees of Defendant, who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

**Exemplary Pay Periods**

39.    For example, during the one-week pay period of December 21, 2019 to December 27, 2019 Plaintiff worked six days and well in excess of 40 hours. However, rather than track his hours, his paystub simply reflects a flat forty (40) hours and a gross payment of $960.00.   *See* ECF No. 1-3, Exemplary Paystubs.

40.    Similarly, during the one-week pay period of October 26, 2019 to November 1, 2019 Plaintiff worked four days and more than 40 hours.   However, rather than track his hours, his paystub simply reflects a flat forty (40) hours and a gross payment of $640.00.   *See* ECF No. 1-3, Exemplary Paystubs.

41.    Despite the paystubs reflecting different hourly rates, Plaintiff was paid on a day rate of $160.00 per day.   The different hourly rates listed on the paystubs were fabricated by Defendant to mask the fact Drivers were paid on a day rate, not an hourly rate.

## COLLECTIVE ACTION ALLEGATIONS

42.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All current and former day-rate-paid Drivers who worked for Defendant in the United States at any time from three years prior to the date the Court grants conditional certification through a date specified by the Court.*

(hereinafter referred to as the "Collective").   Plaintiff reserves the right to amend this definition as necessary.

43.   Excluded from the proposed Collective are Defendant's executives, administrative, and professional employees, including computer professionals and outside sales persons.

44.   With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b).   The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

45.   The employment relationships between Defendant and every Collective member are the same and differ only by name, location, and rate of pay. The key issues do not vary substantially among the Collective members.

46.   The key legal issues are also the same for every Collective member. These common legal and factual questions, include, but are not limited to, the following:

a.   Whether Defendant properly classified Plaintiff and the similarly situated Drivers as exempt from overtime; and

b.   Whether Plaintiff and the similarly situated Drivers worked overtime hours (as defined by the FLSA) to which they are entitled to overtime premiums for.

47.   Plaintiff estimates the Collective, including both current and former employees over the relevant period, will include several hundred members. The precise number of Collective members should be readily available from a review of Defendant's personnel and payroll records.

**COUNT I**
**(29 U.S.C. § 216(b) Collective Action)**

**<u>VIOLATION OF THE FAIR LABOR STANDARDS ACT,</u>**
**<u>29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME</u>**

48.   Plaintiff re-alleges and incorporates all previous paragraphs herein.

49.   At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

50.   Defendant is engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

51.   At all times relevant to this action, Plaintiff and other Collective members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

52.   Plaintiff and other Collective members either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an

9

enterprise engaged in commerce or in the production of goods for commerce.

53.     Defendant has had, and continues to have, an annual gross business volume in excess of $500,000.

54.     At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and other Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

55.     At all times relevant to this action, Defendant compensated Plaintiff and the other Collective members on a flat day-rate, regardless of the number of hours they actually spent working.

56.     Defendant failed to pay Plaintiff and the other Collective members overtime premiums, as required by the Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

57.     In workweeks where Plaintiff and other Collective members worked 40 hours or more, hours should have been paid by Defendant at the federally mandated rate of 150% of each employee's regularly hourly wage, 29 U.S.C. § 207(a)(1), but was not.

58.     Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have easily determined whether Plaintiff and the Members of the Collective were exempt from overtime, and could have easily determined the number of overtime hours worked, but did not.

59.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime

if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, Roger Riley, requests an entry of an Order for the following relief:

a.   Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b.   Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all Collective members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

c.   Designating Plaintiff as the representative of the FLSA Collective and undersigned counsel as Counsel for the same;

d.   Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

e.   Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the Collective, the full amount of damages and liquidated damages available by law;

f.   Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

g.   Awarding pre- and post-judgment interest to Plaintiff on these damages; and

h.   Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, Roger Riley, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated:   March 4, 2020

By:   /s/ Matthew L. Turner
      Matthew L. Turner (P48706)
      Charles R. Ash, IV (P73877)
      SOMMERS SCHWARTZ, P.C.
      One Towne Square, 17th Floor
      Southfield, MI 48076
      248-355-0300
      mturner@sommerspc.com
      crash@sommerspc.com

      *Attorneys for Plaintiffs*