UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER RILEY, individually, and on behalf
of others similarly situated                              Case No. 20-10577

                                    Plaintiff,            Paul D. Borman
v.                                                        United States District Judge

SK UNITED CORP.,                                         R. Steven Whalen
                                                         United States Magistrate Judge
                                    Defendant.

---

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE WHALEN'S FEBRUARY 23, 2021 REPORT AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION (ECF No. 23); (2) OVERRULING DEFENDANT'S FIRST AND THIRD OBJECTIONS; (3) GRANTING DEFENDANT'S SECOND OBJECTION (ECF No. 24)**

## I.    Introduction

On February 25, 2021, Magistrate Judge R. Steven Whalen issued a Report and Recommendation (ECF No. 23) granting Plaintiff's pre-discovery motion for conditional certification and court-authorized notice to potential opt-in Plaintiffs. (ECF No. 13.) Defendant filed objections to the Report and Recommendation on March 9, 2021. (ECF No. 24.) Defendant listed three objections:

> (1) The Magistrate Judge erred in recommending certification where plaintiffs failed to provide evidence of similarly situated individuals outside of Michigan.

1

(2) The Magistrate Judge erred in failing to identify an end date of the scope of the collective action.

(3) The Magistrate Judge erred in recommending certification that includes drivers who have already opted into a collective in the related *FedEx Litigation*.

## II.    Standard of Review

The parties dispute the proper standard for this Court to review the Defendant's Objections to the Report and Recommendation. Plaintiff argues that the proper standard is "clear error" and argues that a conditional class certification is a non-dispositive matter, which under Fed. R. Civ. P. 72(a) demands a review under the more deferential standard. Defendant, on the other hand, argues for de novo review. Defendant argues that Plaintiff's arguments are contrary to this Court's referral and the local rules, and that a "Motion to Certify Class" is a dispositive motion. (ECF No. 27 PageID.562-63.)

This Court referred the Plaintiff's Motion for Class Certification to Magistrate Judge Whalen for a Report and Recommendation under 28 USC § 636(b)(1)(B). (ECF No. 15.) Under that provision, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 USC § 636 (b)(1). Thus, this Court will review the Defendant's Objections to the Report and Recommendation de novo.

## III.    Analysis

2

A collective action under the FLSA "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]" 29 U.S.C. § 216(b). In order to join a collective action, an employee must (1) be "similarly situated" to the plaintiff who maintains the action, and (2) give his written consent to join. *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). A collective action brought under § 216(b) is distinguishable from a class action, which is governed by Federal Rule of Civil Procedure 23, in that plaintiffs in a collective action must "opt-in" rather than "opt-out" of the lawsuit. *Id.* The "opt-in" nature of the collective action "heightens the need for employees to 'receiv[e] accurate and timely notice concerning the pendency of the collective action.' " *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 483 (S.D. Ohio 2014) (quoting *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). The statute, therefore, vests in the district court the discretion to facilitate notice to potential plaintiffs "in appropriate cases[.]" *Hoffmann–La Roche*, 493 U.S. at 169.

In light of the FLSA's remedial purpose, the Sixth Circuit has adopted the "fairly lenient" two-step approach to authorizing collective action certification, "which typically results in conditional certification of the representative class."

*Gaffers v. Kelly Services, Inc.*, 2016 U.S. Dist. LEXIS 112789, *32-33 (E.D. Mich. Aug. 24, 2016) (citing *Comer*, 454 F.3d at 546-47.)

At the first step, the plaintiff bears the burden of showing that the employees in the class are "similarly situated." *Comer*, 454 F.3d at 546. To satisfy this burden at this initial notice stage, the plaintiff must only "make a modest factual showing" that he is similarly situated to the other employees he is seeking to notify. *Id.* 546–47 (quotation marks and citations omitted).

At the notice, or pre-discovery stage of a collective action under § 216(b), "conditional certification may be given along with judicial authorization to notify similarly situated employees of the action. Once discovery has concluded, the district court—with more information on which to base its decision and thus under a more exacting standard—looks more closely at whether the members of the class are similarly situated." *Monroe* v. *FTS USA, LLC*, 860 F.3d 389, 396–97 (6th Cir. 2017) (citing *Comer*, 454 F.3d at 547).

Employees can be found to be similarly situated if they were subject to "a single, FLSA-violating policy" by their employer, or if their "claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct...." *Monroe*, 860 F.3d at. at 398 (quoting *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584-85 (6th Cir. 2009)).

4

### a. Objection 1 - The Magistrate Judge erred in recommending certification where plaintiffs failed to provide evidence of similarly situated individuals outside of Michigan

Defendant argues that Plaintiff has failed to show that putative collective members who worked as drivers for SK United in Texas were "similarly situated" to him, who was a driver based only in Michigan. (ECF No. 24 PageID.483.) Contrary to Defendant's Objection, the Magistrate Judge properly determined that the Plaintiff has satisfied the "modest factual showing" needed to obtain conditional class certification.

The Plaintiff alleges in his complaint, and swears in his declaration, that in the course of his employment from November 2017 to approximately December 2019, he drove a vehicle weighing less than 10,000 pounds, was paid on a day-rate basis, and received no overtime compensation even though he worked more than 40 hours per week. (Declaration of Roger Riley ¶¶ 2-5, ECF No. 13-3.) Plaintiff also included the declaration of opt-in plaintiff Jacob Masters, who declares that he was employed as a driver by SK United in southeast Michigan from November 2017 to December 2018.[1] Riley and Masters' declarations are nearly identical, and regarding other drivers, the declarations make non-specific, conclusory statements regarding his knowledge of other SK United drivers who worked out of Defendant's other terminals. (*Id*. at ¶ 12.)

---

[1] Defendants contest the employment dates for both Riley and Masters.

While this evidence alone would be insufficient to demonstrate that SK United

drivers across distribution centers in Texas or elsewhere who were denied overtime

pay owed under the FLSA and were "similarly situated," the record contains

evidence of SK United's "single, FLSA-violating policy." *O'Brien*, 575 F.3d 567,

585.

During the period of May 18, 2017 to the present, SK United employed 133

drivers. 68 of those drivers worked for SK United outside of Michigan. (SK United

Owner Noah Sperling Declaration ¶¶ 23-25, ECF No. 14-1.) The Magistrate Judge

considered evidence demonstrating a "single, FLSA-violating policy" as follows,

and this Court adopts the Magistrate Judge's view of that evidence:

> First, Mr. Sperling [founder of SK United] states in his
> Declaration that the vehicles the company provides have
> different gross weights, "many of which have a GVWR
> over 10,000 pounds," adding, "S&K United also utilizes
> rental vehicles, the GVWR of which vary, with many
> having a GVWR of more than 10,000 pounds." ECF 14-1,
> PageID.156, ¶ 15 (emphasis added). "Many" does not
> mean "all," and the Declaration therefore implies that at
> least "some" of the vehicles are under 10,000 pounds. And
> the drivers of those vehicles would fall outside the MCA
> exemption to the FLSA.
>
> Second, the Sperling Declaration states that where drivers
> work and how many hours they work varies, and that
> "drivers start and end their workday based on their
> assigned route(s)." Id., PageID.155, ¶¶ 11-12.
> Significantly, Mr. Sperling does not dispute Plaintiff's
> claim that he and other drivers may work more than 40
> hours in a given work week.

6

> Next, Defendant admits in its answer to ¶ 22 of Plaintiff's complaint that "[r]egardless of the distribution center, Defendant paid each Driver on a day rate basis and classified them as exempt from overtime." ECF No. 8, PageID.38. Moreover, Mr. Sperling states in his Declaration that beginning May 9, 2020, "S&K United began paying all drivers who drive a motor vehicle with a GVWR of less than 10,001 lbs. at least once during a workweek on an hourly rate." This implies that not only are there some drivers who are assigned to vehicles weighing under 10,000 pounds, but that prior to May 9, 2020 Defendant did not pay all those drivers an hourly rate.

(ECF No. 23 PageID.463-64.)

Defendant points to cases where "District courts have routinely denied conditional certification when plaintiffs rely primarily on their own description of other workers' employment conditions." *Gallagher v. Gen. Motors Co.,* No. 19-11836, 2020 WL 3481649, at *5 (E.D. Mich. June 26, 2020). The evidence in the record showing the existence of a common policy to pay drivers of vehicles under 10,001 pounds a daily rate, a policy which the owner of SK United stated ended on May 9, 2020, separates this case from those cited by Defendant. *See Gallagher*, 2020 WL 3481649 (E.D. Mich. June 26, 2020) (no affidavits from other non-union contractors who were denied overtime, and only "vague assertions that managers 'indicated' a common policy"); *Sutka v. Yazaki N. Am. Inc*., No. 17-10669, 2018 WL 1255767 (E.D. Mich. Mar. 12, 2018) (Borman, J.) (evidence consisting of two conclusory sworn statements based on Plaintiff's personal knowledge, along with a

job description, did not satisfy the modest showing required for conditional class certification).

The Magistrate Judge properly determined that Plaintiff has satisfied the "modest factual showing" required, and Plaintiff is entitled to conditional certification of the collective.

The court also rejects Defendant's invitation to limit the collective to Michigan given the evidence showing that SK United applied the policy to pay drivers a daily rate across distribution centers. *See Wiggins v. Jedson Eng'g, Inc.*, No. 119CV00354, 2020 WL 6993858, at *6 (E.D. Tenn. Aug. 27, 2020) ("this Court has refused to limit conditional certification to a particular jobsite when the defendant does not offer 'any assertions that the relevant policies and procedures followed in [the defendant's] various offices were different or individualized.' " citing *Steele v. SWS, LLC*, No. 3:11-CV-60, 2011 WL 3207802, at *3 (E.D. Tenn. July 28, 2011)).

Accordingly, Defendant's First Objection is OVERRULED.

### b. Objection 2 - The Magistrate Judge Erred in Failing to Identify an End Date of the Scope of the Collective Action

Defendant's Second Objection asks this Court to limit the proposed collective to exclude drivers who began their employment with SK United on or after May 9, 2020, the date that SK United Founder Noah Sperling's declaration identifies as the

date SK United began paying drivers who drive a motor vehicle with a GVWR of less than 10,001 pounds an hourly rate. (Sperling Dec'l ¶28, ECF No. 14-1.)

In his Response to Defendant's objections, Plaintiff accepts this temporal limitation: "Plaintiff has agreed to limit the end of the class period to May 9, 2020 (date of pay structure change)." (ECF No 26 PageID.541.)

Because the parties have reached agreement on this issue, Defendant's Second Objection is GRANTED.

### c. Objection 3 – The Magistrate Judge Erred in Recommending Certification That Includes Drivers Who Have Already Opted Into a Collective in the Related FedEx Litigation

Defendant argues that the Magistrate Judge erred in certifying a collective that includes drivers who have already opted into a collective certified in *Sullivan-Blake et al. v. FedEx Ground Package Sys., Inc*., No. 2:18-cv-01689 (W.D PA) ("FedEx Litigation") According to Defendant, "at least 29 current or former employees of SK United have already opted into the FedEx Litigation." (ECF No. 24 PageID.495 citing ECF No. 24-1, Supplemental Declaration of Noah Sperling and FedEx Opt-in Consent Forms). Defendants argue that "the FLSA does not provide individuals who opt into a collective action to recover damages for allegedly unpaid overtime from one entity and later recover damages for the *same allege unpaid overtime from the same alleged violations* in a separate lawsuit" (ECF No. 24 PageID.495-96)

(emphasis in original.) Defendants ask this court to overrule the Magistrate Judge and exclude any of the 29 persons who opted into the FedEx Litigation.

Defendant's Third Objection merely rehashes arguments previously made before the Magistrate Judge and cites the same cases. (Defendant's Response, ECF No. 14 PageID.145-47.) Objections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge")

The Court has, nonetheless, reviewed this issue *de novo* and concurs with the Magistrate Judge's analysis and conclusion.

The "first-filed" or "first-to-file" rule is "a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc.,* 16 Fed.Appx. 433, 437 (6th Cir. 2001) (internal quotation marks omitted). Courts have the discretion to dispense with the first-filed rule where equity so demands. *Id.* Factors that weigh against application of the rule include

"extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Ibid.* In other words, it is "not a strict rule" and may give way in the face of compelling circumstances or to significant policy considerations. *See AmSouth Bank v. Dale,* 386 F.3d 763, 791 n. 8 (6th Cir.2004).

Defendant argues that "[f]ederal courts have declined to grant conditional certification where it would merely conditionally certify a class that involves similar FLSA claims against similar—but not identical—defendants," and cites several cases from federal courts around the country. (ECF No. 24 PageID.496-97.) The Court finds, agreeing with the Magistrate Judge, that the Defendant's cited cases are distinguishable given the unique facts of this case.

In *Schucker v. Flowers Foods, Inc*., No. 16-CV-3439, 2017 WL 3668847, at *5 (S.D.N.Y. Aug. 24, 2017), the court denied conditional certification of the class because a "practical assessment of the relative costs and benefits of allowing Plaintiffs to maintain a collective action that appears to serve little purpose in enforcing the FLSA rights of potential class members." *Id*. The Court noted that there had "been approximately 23 other actions filed against [Defendant] distributors under the FLSA (and other state laws) relating to the alleged misclassification of their employees as independent contractors." *Id*. "Of the 95 individuals on Plaintiffs' proposed notice list, 94 [had] been given notice" through two other active collective actions. *Id*. at 3. The Court found that plaintiffs would have an opportunity to have

11

their rights vindicated in the other collective actions. Those unique facts in *Schucker* separate that case from the present case, where there is no other collective action directly against SK United, and recovery for these putative opt-in collective members in the Fedex Litigation may depended on the success of a "joint employment" theory.

In *Brown v. Jacob Transportation, LLC*, No. 216CV02436JADNJK, 2017 WL 7725268, at *1 (D. Nev. Sept. 28, 2017) the court noted that the first-to-file rule and conditional certification was an "imperfect fit" under the circumstances, given that the existing action and the current case were substantially similar, involved the same defendant, and were currently before the same judge. The court denied the motion for conditional certification and *sua sponte* consolidated the cases. *Id*. at *4. As the Magistrate Judge noted, SK United is not a named defendant in the FedEx Litigation, and the ability of these potential plaintiffs to recover may be contingent on the success of a "joint employment" theory in that case. *See also Cook v. E.I. DuPont de Nemours & Co*., No. 3:17-CV-00909, 2017 WL 3315637, at *1 (M.D. Tenn. Aug. 3, 2017) (court declined to rule on the motion for conditional certification and only discussed the similarity of parties in deciding whether to transfer the case; defendant was identical in both cases.)

In determining that "Defendant's arguments alleging duplicative litigation can and should be resolved at a later date," the Magistrate Judge considered the same

arguments and cases currently being presented in Defendant's Third Objection. The Court finds that the Magistrate Judge was correct in his application of the discretion granted to courts in this area.

Accordingly, Defendant's Third Objection is OVERRULED.

## IV.     Conclusion

This Court hereby ORDERS:

(1) Magistrate Judge Whalen's February 25, 2021 Report and Recommendation (ECF No. 23) is ADOPTED;

(2) Defendant's First and Third Objections to the Report and Recommendation (ECF No. 24) are OVERRULED;

(3) Defendant's Second Objection limiting the class to exclude drivers who began their employment with SK United on or after May 9, 2020 is GRANTED;

(4) Plaintiff's pre-discovery motion for conditional certification and court-authorized notice to potential opt-in Plaintiffs (ECF No. 13) is GRANTED;

(5) Defendant is ORDERED to identify all potential opt-in plaintiffs within 14 days of the entry of this Order conditionally certifying the collective.

Distribution of the Notice is permitted by email and text message, in addition to first-class mail.

IT IS SO ORDERED.

s/Paul D. Borman

Dated: May 20, 2021

Paul D. Borman

United States District Judge