UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER RILEY, et al.

    Plaintiffs,

v.                                               Case No.: 20-cv-10577
                                               District Judge Paul D. Borman

S K UNITED,

    Defendant.
_____/

**ORDER**

**(1)    GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES OF $54,863.14 AND $666.67 IN LITIGATION EXPENSES**

**(2)    REJECTING PLAINTIFF'S CONTENTION, THAT ALTHOUGH THEY ENDED UP REQUESTING $54,863.14 IN LEGAL FEES, THEY WERE ENTITLED TO $725 AND $475 HOURLY RATES THAT WOULD HAVE RESULTED IN $78,128.50 IN ATTORNEY FEES**

The Court has previously granted approval of the settlement in this case involving violations by Defendant S K United of the Federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA) for not paying drivers for overtime work.

The Court recognizes that although there was no formal discovery litigation, or trial, there were extensive document exchanges and negotiations between the

1

parties regarding the establishment of a Plaintiff Class, and that the parties submitted to mediation with Michael Russell, an experienced wage and labor mediator.

This Order deals with the fee requests submitted by Plaintiffs' Attorneys. Payments to the Plaintiffs totals approximately $21,000.00.

Defendant agreed to fund an $80,000.00 settlement maximum exposure but negotiated a "kicker" or "kickback clause," wherein any amount of the $80,000.00 not paid to the Plaintiffs nor paid in attorney fees and costs, reverts back to the Defendant. In addition, the parties agreed to a "clear-sailing" clause, whereby Defendant agreed to not contest any amount of attorney fees and costs Plaintiffs' request, as long as that amount, and the payments to the Plaintiff drivers, including Plaintiff Riley, do not exceed $80,000.00.[1] Accordingly "clear-sailing" for the Plaintiffs means that the Court must carefully scrutinize the Plaintiffs' fee requests.

Plaintiffs' counsel contend that they are entitled to $725.00 hourly fees for Matthew Turner, and $475.00 hourly fees for Charles Ash IV. The Court finds those hourly entitlement requests excessive--well above the rates established for

---

[1] The Sixth Circuit defined clear sailing and kicker clauses in *Gascho v. Global Fitness Holdings*, 822 F.3d 269, 290-91 (2016). Clear sailing clauses are agreements by defendants to not oppose a plaintiff's application for fees. Kicker clauses provide that any settlement funds not provided to plaintiffs are returned to the defendants--"a red carpet treatment on fees."

Michigan attorneys with comparable years of practice in a comparable city (Southfield), County (Oakland), and in comparable employment law practice ($567.00 Turner, $350.00 Ash).[2]

Indeed, Plaintiffs' counsels' claimed "entitlements" would consume almost 100% of the settlement and leave their clients with nothing. Recognizing that this is a "non-starter," Plaintiffs' counsel throttled back their requests to $54,863,14 in fees, plus $667.67 in costs. This still consumes 70% of the settlement as their legal fees. While this 70% request would appear excessive, this Court recognizes that a recent FLSA opinion of the United States Court of Appeals for the Sixth Circuit, albeit in a case that also involved a trial and appellate litigation on two matters, noted:

> …we have upheld substantial amounts of attorney's fees even though a plaintiff recovered only nominal damages.
>
> A "prevailing party" is a party who succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.

---

[2]   See State Bar of Michigan, Economics of Law Practice in Michigan 8-14 (2020), available at https://www.michbar.org/file/pmrc/articles/0000156.pdf [https://perma.cc/9DJS-SQM] (reporting, among other relevant statistics, that in 2020 an hourly billing rate of $350/hour was in 75th percentile for private practitioners in Michigan with 11 to 15 years of experience, and an hourly billing rate of $567/hour was in the 95th percentile for private practitioners in Oakland County).

*Monroe, et al. v. FTS U.S.A., et al.*, ____ F.4th ___ (6th Cir. 2021), 2021 WL 5177101 (November 8, 2021), *pp. 7-8.

Accordingly, while the Court firmly rejects Plaintiffs' Counsels' contention that they would be entitled to $725.00 (Turner) and $475.00 (Ash) hourly rates, the Court accepts the Plaintiffs' request for $54,863.14 in legal fees, plus $666.67 in litigation expenses, because of the complexity of this case.

    SO ORDERED.

DATED: December 1, 2021        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE